UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL GARDNER,

      Plaintiff,

vs.

                                          Case No.:

DEPUTY A.J. NORTHROP, individually;
SEVERAL UNKNOWN JAIL MEDICAL
STAFF, individually; and DEWEY H.
HATCHER, SR., in his official capacity as
Sheriff of Dixie County, Florida,

      Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

1.     This is an action for damages, punitive damages, attorney's fees, and costs for the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment to be free from the use of excessive force against him and for deliberate indifference to his serious medical needs while being detained as a pretrial detainee in the Dixie County Jail.

### JURISDICTION AND VENUE

2.     Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343 as to the federal claims herein.

3.     Venue in this district is proper pursuant to 28 U.S.C. §1391 in that the cause of action arose in this district.

1

## PARTIES

4.    At all times relevant to this action, Plaintiff Michael Gardner ("Plaintiff") was an inmate at the Dixie County Jail in Cross City, Florida, and a citizen of the United States.

5.    At all times relevant to this action, Deputy A.J. Northrop ("Defendant Northrop") was an officer of the Dixie County Sheriff's Office and an employee of Sheriff Dewey Hatcher, Sr.  Defendant Northrop was responsible for the supervision, safety, and security of inmates in the Dixie County Jail and at all times relevant acted under color of state law and pursuant to the customs, policies, and practices of the Dixie County Sheriff's Office.

6.    At all times relevant to this action, Defendants Several Unknown Jail Medical Staff were at all times material hereto, doctors, nurses, and/or medical personnel, who were agents and/or employees of Sheriff Dewey Hatcher, Sr.  At all times relevant to this case, Defendants Several Unknown Jail Medical Staff were responsible for the medical care and treatment in inmates at the Dixie County Jail. At all times relevant, Defendants Several Unknown Jail Medical Staff acted under color of state law.

7.    At all times relevant to this action, Dewey H. Hatcher, Sr. (Defendant Sheriff Hatcher) in his official capacity as Sheriff of Dixie County, Florida, was, at all times relevant, responsible for his agents and employees of the Dixie County Sheriff's Office and for the treatment of inmates in the Dixie County Jail.  At all times relevant, Defendant Sheriff Hatcher was responsible for the supervision, training, instruction, discipline, control, and conduct of members of the Dixie County Sheriff's Office, including personnel employed in positions at the Dixie County Jail.  Additionally, at all times relevant, Sheriff Hatcher was responsible for the provision of medical care to pre-trial detainees and inmates incarcerated in the Dixie County Jail. At all times relevant, Defendant Sheriff Hatcher had the power, right, and duty to train and

2

control his officers, agents and/or employees to conform to the United States Constitution and to ensure that all policies, orders, rules, instructions, and regulations promulgated for the Dixie County Sheriff's Office were consistent with the United States Constitution. At all times relevant to this complaint, Defendant Sheriff Hatcher, his agents and/or employees, acted under color of state law.

## FACTUAL ALLEGATIONS

8. Gardner was arrested on January 24, 2014, and was continually incarcerated as a pretrial detainee at the Dixie County Jail ("Jail") at all times relevant to this cause of action.

9. Prior to Gardner's arrest and incarceration, Gardner's right leg was amputated as a result of a car accident. As a result, he is unable to move quickly because of the amputation and relies on a prosthesis to move.

10. After his arrest on January 24, 2014, Gardner was taken to Dixie County Jail and instructed to change into a jail uniform by Defendant Northrop.

11. While Gardner was removing his shirt, Defendant Northrop, without provocation or legal justification, sprayed Gardner in the face with a chemical agent.

12. Approximately five-to-ten seconds later, while Gardner was wiping the chemical agent out of his eyes, Defendant Northrop proceeded to spray the rest of the can of chemical agent onto Gardner.

13. Later during the afternoon of January 24, 2014, Defendant Northrop escorted Gardner to his cell.

14. When Defendant Northrop un-handcuffed Gardner, Gardner took three to four steps into the cell and turned around, at which point Defendant Northrop, unprovoked and without legal justification, fired a Taser at Gardner's hand and abdomen.

3

15.  Shortly thereafter, three corrections officers entered Gardner's cell and held him down. The guards removed the Taser probe from Gardner's abdomen, but failed to remove a probe lodged in his hand.

16.  Correctional Officer George Sapp without any legal justification or cause, put his forearms around Gardner's throat and told him "listen here, boy, we're fixing to old school you," at which point Officer Sapp placed his foot on Gardner's back and told him, "I dare you to move."

17.  Shortly, thereafter, all of the corrections officers left Gardner's cell without removing the Taser probe lodged in his hand.

18.  On January 25, 2014, Gardner complained to Jail staff that his hand was swelling, but personnel working at the Jail refused to respond to his requests.

19.  On January 26, 2014, Gardner made the same request for medical assistance, but was again refused.

20.  On January 27, 2014, Gardner made another complaint regarding his hand and was examined by a nurse, First Unknown Jail Medical Staff.

21.  At that time, Gardner explained that he had been shot in the hand by a Taser; however, the nurse insisted that the Taser probe did not hit his hand. The nurse then dismissed Gardner with only a prescription for Tylenol, but did not examine or treat Gardner's hand.

22.  On January 28, 2014, Gardner made another request to see a doctor, Second Unknown Jail Medical Staff, who ordered an x-ray and a prescription for Ibuprofen, but still did not treat Gardner's hand.

23.  On January 29, 2014, five days after the Taser probe entered Gardner's hand, Gardner was taken to Regional General Hospital in Williston, Florida.

4

24. Upon being examined by a doctor, the Taser probe in Gardner's hand was located; however, by this point, his hand was too swollen to remove the probe.

25. On or about February 1, 2014, while incarcerated at the Dixie County Jail, Gardner complained of shooting pain in his hand and found he could no longer move his fingers. He requested to be taken to a hospital.

26. In response to Gardner's request, a nurse, Third Unknown Jail Medical Staff, told Gardner to "shut up and lay down."

27. On or about February 7, 2014, Gardner was admitted to Shands Orthopedics where Gardner was scheduled for surgery.

28. On February 12, 2014, nineteen days after Defendant Northrop shot the Taser probe into Gardner's hand, Gardner received surgery at Shands Hospital to remove the probe.

29. At no time after Gardner's surgery did he receive any additional medical care or physical therapy from the Jail regarding the injury to his hand.

### COUNT I - EXCESSIVE FORCE (42 U.S.C. § 1983)
### (Defendant Northrop)

30. Paragraphs 1 through 29 are adopted and incorporated by reference herein.

31. Defendants Northrop, acting under color of State law, intentionally used excessive force against Plaintiff by pepper spraying him and tazing him without any legal justification in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

32. As a direct and proximate result of Defendant Northrop's actions, Plaintiff suffered damages, including, but not limited to, severe pain and suffering, physical injuries, loss of enjoyment of life, and severe emotional and psychological distress and mental anguish.

WHEREFORE, Plaintiff, Michael Gardner, demands judgement against Defendant Northrop, individually, for:

      (a)     actual and compensatory damages;

      (b)     punitive damages;

      (c)     an award of attorney's fees and costs; and

      (d)     any other relief this Court deems just and proper.

## COUNT II
## DELIBERATE INDIFFERENCE (42 U.S.C. § 1983)
### (Defendants Several Unknown Jail Medical Staff)

33.     Paragraphs 1 through 29 above, are adopted and incorporated by reference herein.

34.     Defendants Several Unknown Jail Medical Staff, acting under color of state law, failed to provide or secure adequate medical care and treatment for Gardner while he was a pre-trial detainee in the Jail.

35.     Defendants Several Unknown Jail Medical Staff acted with deliberate indifference towards Gardner's serious medical needs by failing to provide or secure adequate medical care and treatment, despite actual knowledge of Gardner's serious medical condition and needs.

36.     Defendants Several Unknown Jail Medical Staff's deliberate indifference to Gardner's serious medical needs violated Gardner's clearly established rights under the Fourteenth Amendment to the United States Constitution.

37.     As a direct and proximate result of Defendants Several Unknown Jail Medical Staff's deliberate indifference to Gardner's serious medical needs, Gardner suffered damages, including, but not limited to, severe pain and suffering, physical injuries, loss of enjoyment of life, and severe emotional and psychological distress and mental anguish.

WHEREFORE, Plaintiff, Michael Gardner, demands judgment against Defendants Several Unknown Jail Medical Staff, individually, for:

     (a)     actual and compensatory damages;

     (b)     punitive damages;

     (c)     an award of attorney's fees and costs;

     (d)     any other relief this Court deems just and proper.

## COUNT III
## MUNICIPAL LIABILITY:  DELIBERATE INDIFFERENCE (42 U.S.C. §1983)
### (Defendant Hatcher)

38.     Paragraphs 1 through 29 above, are adopted and incorporated by reference herein.

39.     Defendant Sheriff Hatcher, his agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs, and policies which directly resulted in deliberate indifference to Mr. Gardner's serious medical needs.  Sheriff Hatcher delegated final policymaking to the Several Unknown Jail Medical Staff at the Dixie County Jail and such staff acted as final policymakers for Sheriff Hatcher as their decisions were not immediately or effectively reviewable.  Sheriff Hatcher's actions and omissions resulted in violations of Mr. Gardner's rights secured under the Fourteenth Amendment to the United States Constitution, which is actionable under 42 U.S.C. §1983.

40.     Defendant Hatcher's deliberate indifference to Mr. Gardner's serious medical needs violated Mr. Gardner's due process rights under the Fourteenth Amendment to the United States Constitution.

41.     As a direct and proximate result of Defendant Hatcher's deliberate indifference to Plaintiff's serious medical needs.  Mr. Gardner suffered damages, including, but not limited to,

severe pain and suffering, physical injuries, loss of enjoyment of life, and severe emotional and psychological distress and mental anguish.

WHEREFORE, Plaintiff, Michael Gardner, demands judgment against Defendant Sheriff Hatcher, in his official capacity as Sheriff of Dixie County, Florida, for:

      (a)     actual and compensatory damages;

      (b)     An award of attorney's fees and costs;

      (c)     Any other relief this Court deems just and proper.

## COUNT V - STATE LAW CLAIM: BATTERY
### (Defendant Sheriff Hatcher)

42.     Paragraphs 1 through 29 above are adopted and incorporated by reference herein.

43.     Plaintiff Gardner is satisfying all conditions precedent to bringing this action as required pursuant to § 768.28, Fla. Stat. (2012).

44.     Employees and/or agents of Defendant Hatcher actually and intentionally struck Plaintiff Gardner by (a) spraying him with a chemical agent (Northrop); and (b) striking/shoving him (Sapp) against his will and without legal justification.

45.     Sheriff Hatcher, having given his employees and/or agents the authority to use force against Plaintiff, is liable for abuse of such authority.

46.     Plaintiff Gardner, as a result of Defendant Northrop's and Sapp's battery and abuse of their authority, suffered severe pain and suffering, physical injuries, loss of enjoyment of life, mental anguish and severe emotional distress.

WHEREFORE, Plaintiff, Michael Gardner, demands judgment against Sheriff Hatcher, in his official capacity as Sheriff of Dixie County, for:

      (a)     actual and compensatory damages;

8

(b)   costs;

(c)   any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Gardner hereby demands trial by jury on all issues so triable.

DATED this 4th day of May, 2016.

Respectfully submitted,

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:    (904) 356-9667
Email:        sheplaw@att.net
COUNSEL FOR PLAINTIFF

ldh[gardner.michael.compaint]

9